**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mauro PIÑA–GONZALEZ, Defendant–Appellant.**

No. 07–1058.

United States Court of Appeals, Seventh Circuit.

Submitted May 3, 2007.

Decided May 3, 2007.

Robert L. Garrison, Office of the United States Attorney, Criminal Division, Fairview Heights, IL, for Plaintiff–Appellee.

Daniel G. Cronin, Office of the Federal Public Defender, East St. Louis, IL, for Defendant–Appellant.

Mauro Pina–Gonzalez, Beaumont, TX, pro se.

Before Hon. RICHARD A. POSNER, Circuit Judge, Hon. MICHAEL S. KANNE, Circuit Judge, Hon. DIANE P. WOOD, Circuit Judge.

## ORDER

Mauro Piña–Gonzalez, a Mexican citizen, pleaded guilty to being in the United States without permission after his removal. *See* 8 U.S.C. § 1326(a). Piña–Gonzalez had been removed after he was convicted of the statutory rape of a 13–year–old girl, whom he also impregnated. The district court calculated a guidelines imprisonment range of 46 to 57 months and sentenced Piña–Gonzalez to 57 months. The court explicitly rejected the requests of both the government and defense counsel that he receive a sentence at the bottom of the range; the court noted that Piña–Gonzalez was still serving probation for the statutory rape when he committed the immigration violation, and that his young victim was with him when he was arrested, despite a court order prohibiting him from contacting her.

As part of a written plea agreement, Piña–Gonzalez waived the right to appeal his conviction and any sentence within the guidelines range. Despite this waiver, Piña–Gonzalez directed his appointed counsel to appeal his sentence, but counsel now seeks to withdraw because he cannot discern a nonfrivolous basis for the appeal.

*See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Piña–Gonzalez was invited to respond to counsel's motion, *see* Cir. R. 51(b), but his only response was to request the appointment of new counsel. Our review of the record is thus limited to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir.2002).

Counsel identifies two possible grounds on which Piña–Gonzalez could attack his sentence, but the appeal waiver makes both frivolous. An appeal waiver is enforceable if knowing and voluntary, *United States v. Lockwood,* 416 F.3d 604, 608 (7th Cir.2005), so Piña–Gonzalez cannot proceed with this appeal unless he can overcome his waiver. And Piña–Gonzalez cannot contest the waiver without challenging his guilty plea, *see United States v. Cieslowski,* 410 F.3d 353, 361–62 (7th Cir. 2005); *United States v. Whitlow,* 287 F.3d 638, 640 (7th Cir.2002), which Piña–Gonzalez has not indicated that he wishes to do. Thus, any argument relating to his sentence would be frivolous.

Counsel also considers whether Piña–Gonzalez could argue that he received ineffective assistance of counsel. Any such claim, however, is better suited to collateral attack, at which time a full record may be developed. *See Massaro v. United States,* 538 U.S. 500, 504–05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *United States v. Harris,* 394 F.3d 543, 557–58 (7th Cir.2005).

Accordingly, counsel's motion to withdraw is GRANTED, and Piña–Gonzalez's filing, which we construe as a motion for the appointment of substitute counsel, is DENIED. This appeal is DISMISSED.